FILED by TB D.C.

Aug 18, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. –MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **15-20632-CR-SCOLA/OTAZO-REYES**

18 U.S.C. § 2423(b)
18 U.S.C. § 3261(a)
18 U.S.C. § 2252(a)(4)(B)
18 U.S.C. §§ 2428 and 2253
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

CHRISTOPHER RENNIE GLENN,
    a/k/a "Fernando Albergue,"
    a/k/a "Derek John Michael,"
    a/k/a "Yusef,"
    a/k/a "El Gringo,"

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
18 U.S.C. § 2423(b)
(Travel with Intent to Engage in Illicit Sexual Conduct in Foreign Places)

On or about May 19, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

CHRISTOPHER RENNIE GLENN,
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a United States citizen, did travel in foreign commerce, that is, from Miami International Airport, in Miami, Florida, to Honduras for the purpose of engaging in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), that is, a sex act and commercial sex act with

Victim A, a person under 18 years of age, in violation of Title 18, United States Code, Section 2423(b).

## COUNT 2
### 18 U.S.C. §§ 2252(a)(4)(A) and 3261(a)(1)
### (Possession of Child Pornography; Criminal Offense Committed by Person Employed by the Armed Forces Outside of the United States)

Between on or about May 9, 2005 and on or about May 13, 2005, outside the United States in Al Hillah, Iraq, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

while employed by the Armed Forces outside of the United States, as defined in Title 18, United States Code, Section 3267, did engage in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly possess one or more matter which contained any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256(2)(A), and such visual depiction was of such conduct; in violation of Title 18, United States Code, Sections 2252(a)(4)(A), 2252(b)(2), and 3261(a)(1).

## CRIMINAL FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Sections 2253 and 2428, and the procedures set forth at Title 21, United States Code, Section 853.

2.  Upon conviction of a violation of Count 1 as alleged in this Indictment, pursuant to Title 18, United States Code, Section 2423, the defendant shall forfeit to the United States: 1) any visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, of other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received; 2) any property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such violations, and any property; and 3) any property, real or personal, used or intended to be used to commit or to promote the commission of such violation.

3.  Upon conviction of a violation of Title 18, United States Code, Section 2252, as alleged in Count 2 of this Indictment, the defendant shall forfeit all of his right, title and interest to the United States in the following property pursuant to Title 18, United States Code, Section 2253:

    a.  any visual depiction described in §§ 2251, 2251A, or 2252 of the United States Code, 2005 edition, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, Title 18, United States Code;

3

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such violation; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such violation.

    4. All pursuant to Title 18, United States Code, Sections 2428 and 2253, and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
BARBARA A. MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

_____
VANESSA SINGH JOHANNES
ASSISTANT UNITED STATES ATTORNEY

_____
OLIVIA S. CHOE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |

**CHRISTOPHER RENNIE GLEN,**
    a/k/a "Fernando Albergue,"
    a/k/a "Derek John Michael,"
    a/k/a "Yusef,"
    a/k/a "El Gringo,"
                            Defendant.           /

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)   Yes _____ No _____
Number of New Defendants _____
Total number of counts _____

__X__ Miami    _____ Key West
_____ FTL      _____ WPB    _____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
List language and/or dialect

4. This case will take __6-10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
(Check only one)              (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | __X__ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) __Yes__
If yes:
Magistrate Case No. __15-mj-03037-Torres__
Related Miscellaneous numbers: __14-CR-80031-KAM__
Defendant(s) in federal custody as of __February 27, 2014__
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

 

_____
BARBARA A. MARTINEZ
ASSISTANT UNITED STATES ATTORNEY
COURT ID NO. A5500536

*Penalty Sheet(s) attached                                                             REV 9/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Christopher Rennie Glenn

**Case No**:

Count 1:

Travel with Intent to Engage in Illicit Sexual Conduct in Foreign Places

Title 18, United States Code, Section 2423(b)

*Max. Penalty: Thirty (30) Years Imprisonment

Count 2:

Possession of Child Pornography

Title 18, United States Code, Sections 3261(a)(1) and 2252(a)(4)(B)

*Max. Penalty: Ten (10) Years Imprisonment

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**